UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ATHEISTS OF FLORIDA, INC. and
ELLENBETH WACHS,

    Plaintiffs,

v.                         Case No. 8:10-cv-1538-T-17-MAP

CITY OF LAKELAND, Florida and
MAYOR GOW FIELDS in his official
capacity as Chairman of the Lakeland
City Commission and in his individual
capacity,

    Defendants.
_____/

### ORDER ON DEFENDANTS' MOTION TO TAKE JUDICIAL NOTICE

This cause is before the Court on Defendants', City of Lakeland and Mayor Gow Fields, Motion and Request to Take Judicial Notice (Doc. 29). Plaintiffs, Atheists of Florida, Inc. and Ellenbeth Wachs, have not responded. For the reasons set forth below, Defendants' Motion is **GRANTED**.

Pursuant to Federal Rule of Evidence 201, this Court "may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. "Judicial notice is a means by which adjudicative facts not seriously open to dispute are established as true without the normal requirement of proof by evidence." *Dippin' Dots, Inc. v. Frosty Bites Distrib., LLC*, 369 F.3d 1197, 1204 (11th Cir. 2004). "Adjudicative facts are simply the facts of

1

the particular case"—put another way, they are those facts relevant to a determination of the claims presented in a given case. Advisory Committee's Notes on Fed. R. Evid. 201(a); *see Linan v. Carnival Corp.*, No. 09-22849-CV, 2010 WL 1956801, at *2 (explaining that "adjudicative facts are those to which the law is applied in the process of adjudication").

In the instant case, Defendants' Motion to Take Judicial Notice asks that this Court "take judicial notice of the following matters: a. Excerpts of Journals of the Florida House of Representatives and Florida Senate; b. Polk County Property Appraiser's Office Records of Tax Exempt Property in Polk County with DOR Use Codes 7071 or 7100 as of September 14, 2011." Doc. 29, at 1. The problem with Defendants' motion, of course, is the fact that the journals and property appraiser's records are not even *facts*, let alone adjudicative facts. *See Dippin' Dots*, 369 F3d. at 1205 (taking judicial notice "of the fact that color of ice cream is indicative of flavor"); *Moore v. Comfed Sav. Bank*, 908 F.2d 834, 841 (11th Cir. 1990) (taking judicial notice of U.S. Census figures regarding the average residential mortgage interest rate in 1984). Thus, the Court cannot take judicial notice of the journals and property appraiser's records because, at least with regard to the instant case, they are not facts capable of being judicially noticed in the first instance.

That said, and despite Defendants' inartful pleading, it does not follow that the motion must be denied. From a searching reading of the latter portions of the motion, the Court can discern two facts that Defendants apparently wish to have judicially noticed: first, that the Florida House of Representatives and the Florida Senate have a long history of opening legislative sessions with prayer; and second, that the majority of tax-exempt properties listed as "churches" in Polk County are identified as Christian religious organizations. Doc. 29, at 4. Because the exhibits attached to the motion are sufficient to render these facts beyond

"reasonable dispute," and in light of Plaintiffs' lack of response to Defendants' motion, the Court is inclined to take judicial notice of these two facts. The Court accordingly grants Defendants' Motion to Take Judicial Notice insofar as it requests that the Court take notice of the following facts:

1. The Florida House of Representatives and the Florida Senate have a long history of opening legislative sessions with prayer; and

2. The majority of tax-exempt properties listed as "churches" in the Polk County Property Appraiser's records are religious organizations of Christian affiliation.

If Defendants wish for the Court to take judicial notice of some other matter not discussed herein, they shall have to reassert their request in a subsequent and more cogent fashion. Accordingly, it is

**ORDERED** that Defendants', City of Lakeland and Gow Fields, Motion to Take Judicial Notice (Doc. 29) be **GRANTED**.

**DONE AND ORDERED** in Chambers, in Tampa, Florida this 31st day of January, 2012.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.